UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER L. SCRUGGS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-878-GSL-AZ |
| WOODS, et al., | |
| Defendants. | |

OPINION AND ORDER

Christopher L. Scruggs, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Scruggs alleges that he has a diabetic condition that requires him to take insulin and to eat within thirty minutes of each other in order to manage his blood sugar levels. On March 27, 2023, at 2:30 a.m., medical staff gave him a dose of insulin. Between 7:00 a.m. and 8:00 a.m., Officer Thomas and Officer Woods gave him a food tray. Scruggs gave it back because the food was spoiled and told them that he had taken insulin hours ago and that his blood sugar levels were dropping. Scruggs began

to feel ill and placed a sign on his door requesting food and medical attention. Sergeant Vasquez told Officer Thomas and Officer Woods to ignore Scruggs' requests and to remove his sign, which they did. Captain Lewis told Officer Thomas and Officer Woods to place Scruggs in a strip cell if Scruggs set up the sign again. When Officer Woods approached Scruggs, Scruggs removed the sign, and when Officer Woods left, Scruggs replaced the sign. He removed the signs and passed out.

Sometime later, Scruggs told Sergeant Williams and Officer Thomas that he was not okay and needed medical attention. One hour later, Scruggs heard from another inmate that Captain Lewis, Lieutenant Rojo, Sergeant Vasquez, and Sergeant Williams told Officer Thomas and Officer Woods not to assist Scruggs and that these defendants laughed about his medical condition. Scruggs then recalled that he had a banana and hot chocolate mix in his cell. He ate them, which improved his condition. At about 3:00 p.m., he received a dinner tray. At about 5:00 pm., a nurse arrived to check his blood pressure and give him a dose of insulin. Scruggs had a relatively low blood sugar level, and the nurse asked why he did not seek medical attention earlier when he told her he had passed out.

Based on these allegations, Scruggs asserts an Eighth Amendment claim of deliberate indifference to his diabetic condition against Captain Lewis, Lieutenant Rojo, Sergeant Vasquez, Sergeant Williams, Officer Thomas, and Officer Woods for failing to assist him with obtaining adequate food or medical attention. He seeks money damages. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2)

2

the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Based on the allegations in the complaint, Scruggs states a plausible Eighth Amendment claim against these defendants.

Scruggs asserts that Sergeant Williams' refusal to assist him with his diabetic condition amounted to retaliation against him for filing a lawsuit in violation of the First Amendment. But, if Sergeant Williams had an unlawful motive for refusing to assist Scruggs with an objectively serious medical need, such misconduct would also amount to deliberate indifference under the Eighth Amendment. Proceeding on different constitutional theories based on the same facts is redundant. *See Williams v. Snyder*, 150 F. App'x 549, 552 (7th Cir. 2005) ("The remainder of Williams's substantive legal theories . . . warrant little discussion [b]ecause they all involve the same set of facts . . . they would be redundant even if we found that he stated a claim."); *Conyers v. Abitz*, 416 F.3d 580, (7th Cir. 2005) (dismissing claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"); *Graham v. Connor*, 490 U.S. 386, 395 (1989) (analyzing allegations under the most "explicit source[s]

of constitutional protection."). Therefore, Scruggs may not proceed on a claim of First Amendment retaliation.

For relief, Scruggs also requests that correctional staff, medical staff, and food service staff coordinate their efforts to ensure that he receives proper care for his medical condition, which appears to be a request for injunctive relief. However, Scruggs already proceeds on identical injunctive relief claims in *Scruggs v. Moody*, 3:22-cv-834 (N.D. Ind. filed Sept. 28, 2022), and *Scruggs v. Moody*, 3:23-cv-692 (N.D. Ind. filed July 24, 2023), so the court will not allow Scruggs to proceed on it here. *See McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888–89 (7th Cir. 2012) ("The district court has broad discretion to dismiss a complaint for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court.").

Perhaps relatedly, Scruggs seeks to proceed against Captain Lewis, Lieutenant Rojo, Sergeant Vasquez, and Sergeant Williams in their official capacities. However, it is unclear what purpose that would serve given that he will not proceed on an injunctive relief claim and given that he has adequately alleged their personal involvement in violating his Eighth Amendment rights. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent."). Therefore, Scruggs may not proceed on an injunctive relief claim or against any defendants in their official capacities.

As a final matter, Scruggs is not proceeding in forma pauperis. Therefore, the court will not serve the defendants pursuant to 28 U.S.C. § 1915(d). Rather, it is his

obligation to serve the defendants with a copy of the complaint and this screening order as provided by Federal Rule of Civil Procedure 4.

For these reasons, the court:

(1) GRANTS Christopher L. Scruggs leave to proceed on an Eighth Amendment claim for compensatory and punitive damages against Captain Lewis, Lieutenant Rojo, Sergeant Vasquez, Sergeant Williams, Officer Thomas, and Officer Woods in their individual capacities for acting with deliberate indifference to his diabetic condition by failing to assist him with obtaining adequate food or medical attention on March 27, 2023;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to sign, date, and seal a summons for Captain Lewis, Lieutenant Rojo, Sergeant Vasquez, Sergeant Williams, Officer Thomas, and Officer Woods and to send them to Christopher L. Scruggs

(4) DIRECTS Christopher L. Scruggs to make arrangements to serve Captain Lewis, Lieutenant Rojo, Sergeant Vasquez, Sergeant Williams, Officer Thomas, and Officer Woods; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Captain Lewis, Lieutenant Rojo, Sergeant Vasquez, Sergeant Williams, Officer Thomas, and Officer Woods to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 11, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT